UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. PHILIPS CORPORATION,<br><br>       Plaintiff<br><br>      v.<br><br>KONICA MINOLTA HOLDINGS, INC.<br>KONICA MINOLTA PHOTO IMAGING, INC.,<br>KONICA MINOLTA PHOTO IMAGING<br>U.S.A., INC.,<br><br>LG ELECTRONICS, INC., and<br>LG ELECTRONICS MOBILECOMM U.S.A.,<br>INC.<br><br>       Defendants. | Civil Action No. 06-CV-1402 (BSJ) (THK)<br><br><br>REFERRED TO MAGISTRATE JUDGE<br>KATZ |
| U.S. PHILIPS CORPORATION,<br><br>       Plaintiff<br>v.<br><br>PANTECH WIRELESS, INC.,<br><br>       Defendant. | Civil Action No. 1:08-cv-2526 (BSJ) |

---

**LG ELECTRONICS, INC., LG ELECTRONICS MOBILECOMM U.S.A., INC. AND PANTECH WIRELESS, INC.'S**

**SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING RECENT U.S. PATENT & TRADEMARK OFFICE DECISION FOR U.S. PATENT NO. 4,901,075**

---

LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively "LGE") and Pantech Wireless, Inc. ("Pantech") (collectively "Defendants") submit this supplemental claim construction brief to bring to the Court's attention a recent order of the United States Patent and Trademark Office ("PTO"), relating to the claim scope of the patent-in-suit, U.S. Patent No. 4,901,075 ("the '075 patent").

## I.    INTRODUCTION

On March 27, 2008, the PTO issued an order granting a request for reexamination of the '075 patent.  [Ex. 1.][1]  The PTO order held that the request raised substantial new questions regarding the patentability of the '075 patent claims 3-4, 7-8 and 11 [*id.* at 2], which are the same claims asserted in the above-captioned litigations.

This PTO order qualifies as intrinsic evidence that should be considered in determining claim constructions for the '075 patent.  As a result, this order applies directly to the pending claim construction issues presently before the Court.  *See E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.,* 849 F.2d 1430, 1439 (Fed.Cir.1988) (statements made during reexamination proceeding are relevant prosecution history when interpreting claims); *Advanced Card Technologies, LLC. v. Versatile Card Technology, Inc.,* 410 F.Supp.2d 158, 168 (SDNY 2006) (finding re-examination proceedings to be intrinsic evidence).

## II.   ARGUMENT

The PTO order determines **two** claim constructions.  Both claim constructions, if followed by this Court, are case dispositive.  First, the PTO considered the claim element "code word" and held that it means a "**single code word**" and not two code words in combination to represent a run of zeros and a following non-zero coefficient.  This claim construction is dispositive of non-infringement as the accused JPEG standard uses two separate code words: one code word for the run length and a separate code word for the exact value of the non-zero coefficient.  [*See* LGE presentation at the December 20, 2007 Claim Construction Hearing, *e.g.,* slides 19-20].  Since all the asserted claims require the "single code word," the accused JPEG standard does not infringe any asserted claim.  Second, the PTO considered the claim elements "zero coefficient" and "non-zero coefficient" and concluded they include prior art "binary

---

[1] *See* attached March 27, 2008, Decision Granting *Ex Parte* Reexamination ("PTO order").

systems" where the values are **only zeros and ones**. This claim construction is dispositive as the limitations of all asserted claims are found in binary prior art systems, rendering these claims invalid.

The attached PTO order resulted from a Request for Reexamination filed by a third-party[2] on February 7, 2008, that requested the PTO reexamine the patentability of claims 3, 4, 7, 8, and 11 of the '075 patent – the same claims at issue in the present actions. The reexamination request asserted that when the PTO issued these claims, it did not consider a number of prior art references that render invalid each of these claims. On March 27, 2008, the PTO granted this reexamination request, and found that the cited references raised "substantial new questions of patentability."[3] [Ex. 1 at 2.] The grant of the reexamination request starts a procedure in the Patent Office where the PTO will once again evaluate the patentability of these claims. *See* 37 C.F.R. 1.510 *et seq*. The reexamination can conclude with claims being cancelled as unpatentable, modified or left unchanged.

This Court should adopt the PTO's determination of the meaning and scope of claim terms in deciding the claim construction issues in the present actions. The PTO's decision granting the reexamination confirms as correct LGE's proposed construction for the term "code word" as a single, unique code word from a single code table, and LGE's proposed construction for "zero coefficient" and "non-zero coefficient" as including coefficients that are only 0 ("zero coefficient") and 1 ("non-zero coefficient"). The PTO's order rejects Philips' positions on both of these claim constructions.

---

[2] The third party who requested the reexamination is Kodak, who was the defendant in the *Philips v. Kodak* litigation in Delaware before Judge Sleet.

[3] Counsel for LGE received a copy of the order on April 2, 2008.

A.     **Claim Term: "code word"**

Regarding the proper construction for "code word," the third-party requested

reexamination on the basis that the Chen 1984 article[4] disclosed two code words generated from

two code tables that together form a single "composite" code word. [Ex. 1 at 10-11].[5] (The two

code words of the Chen 1984 article are discussed extensively in LGE's claim construction

briefs[6] and depicted in LGE's presentation to the Court at the December 20, 2007, Claim

Construction Hearing, *see, e.g.,* slides 7, 15, 20.) Since the first code word encodes the run

length and the second code word encodes the exact value of the following non-zero coefficient,

the third-party requester argued that these two code words form a "composite" code word that

discloses the claimed "code word." The PTO rejected such a claim construction for "code

word," finding that the claimed "code word" does not include "composite code words." [Ex. 1 at

10-11.]

**The PTO's order concludes that the '075 patent requires a single code word and**

**does not cover a combination of two sequential code words**. In arriving at this ruling, the

PTO had to evaluate whether the '075 patent was anticipated by the Chen 1984 article, and

determine the proper construction for the term "code word" in the context of the '075 patent.

The PTO found that the '075 patent did not cover a "composite" of two sequential code words:

> The examiner disagrees. They are not equivalent. **The claim requires a**
> **single code word to represent the non-zero coefficient and the run**
> **length** whereas the Chen article teaches the combination of two code
> words to represent the non-zero coefficient and the run length. **Because**
> **this limitation is the key of the '075 patent as explained in the**
> **background and summary sections of the '075 patent, it is not agreed**
> **that the Chen article raises a substantial new question of patentability**
> to claims 3-4 and 7-8 of the '075 patent.

---

[4] Dkt #61-5 [Wen-Hsiung Chen and William K. Pratt, "Scene Adapter Coder", IEEE Transactions on
Communications, Vol. COM-32, No. 3, pp. 225-32 (Mar. 1984) ("Chen 1984 article")].
[5] To avoid burdening the Court, Defendants have not attached Kodak's re-examination request and supporting
documents, but upon request will immediately provide them in either electronic or paper format.
[6] *See* Dkt 61 at 1-7, 24-27 (LGE Opening Brief); Dkt 69 at 25-29 (LGE Reply Brief).

[*Id.* at 10-11 (emphasis added).][7]

In fact, this claim construction is consistent with Philips' arguments to the PTO during the original prosecution to distinguish over prior art rejections:

> According to the teaching of Fukoka there would be assigned a code word to the run of [zero coefficients] and a further code word to the non-zero coefficient. However, in accordance with the **instant invention**, **there is assigned only one codeword to the entire event**. This codeword depends on the number of zero coefficients … and the value of the non-zero coefficient. **Different codewords are assigned to events having the same number of zero coefficients but different values of the non-zero coefficient**.[8]

LGE's proposed construction for "code word" as "a unique representation in a single code table for an event" [Dkt. 69-2 at 2 (LGE Reply Brief)], attempted to define the same "single code word" construction used by the PTO. In light of this new PTO order, LGE and Pantech suggest that "unique representation" should also include the word "single" to distinguish "composite code words." Accordingly, LGE and Pantech now propose that "code word" should be construed as "a **single** unique representation in a single code table for an event." The construction for "code word" should exclude a combination of a code word for the run length and a code word for the actual value of the non-zero coefficient.

## B.    Claim Terms: "zero coefficient" and "non-zero coefficient"

The second issue where the PTO determined claim construction is "zero coefficient" and "non-zero coefficient." Philips' proposed claim construction **excludes** coding where the only values present are 0 and 1 (the so-called "binary systems"). [Dkt 60-2 at 27-28 (Philips Opening Brief).] In contrast to Philips' claim construction, the third-party requested reexamination based on numerous prior art binary systems. Rather than rejecting this prior art as inapplicable (as

---

[7] In contrast, the PTO found that when the Chen 1984 article was combined with other prior art references that disclosed "a combine coding technique to code a run of zero values and a non-zero value *together using a single codeword*," that these combinations do raise a substantial new question regarding patentability. [Ex. 1 at 11-12 (italics added).]

[8] Dkt 61-8 at LGE 082355 ['075 Prosecution History; filed at Dkt 61-6 through Dkt 61-9 (emphasis added).]

Philips' claim construction would do), the PTO embraced the binary systems, found that the claims cover binary systems, and concluded there was a "substantial new question of patentability" for the asserted claims in light of eight prior art systems which Philips alleges are only binary.

Specifically, the PTO noted that the U.S. Patent No. 4,698,672 ("the '672 patent") to Chen raises a substantial new question of patentability for claims 3-4 and 7-8 of the '075 patent. The passage relied on within the '672 patent discloses assigning a single code word to a run of zeros followed by a one. [Ex. 1 at 8.] The PTO did not rely on other parts of the Chen '672 patent that disclose coding runs of zeros followed by numbers greater than one. Significantly, the PTO then found that: (1) U.S. Patent No. 3,948,833 to Van Voorhis, which discloses solely a black-and-white binary coding system that uses only zeros and ones, raised a substantial new question of patentability for claim 8 of the '075 patent [*id.* at 9-10]; and (2) seven other binary references that Philips contends are binary, in combination with the Chen 1984 article, raised substantial new questions of patentability for claims 3-4, 8 and 11, and may render each invalid as obvious [*id.* at 11-12]. The import of these findings—contrary to Philips' proposed claim construction—is that binary systems are clearly within the meaning of the claim terms "zero coefficient" and "non-zero coefficient."

The PTO's claim construction is fully consistent with the plain meaning of the words "zero" and "non-zero." It also rejects Philips' argument that it redefined these words during prosecution when it stated that the claims are not limited to binary systems, but also include non-binary systems. Moreover, even this statement by Philips during prosecution expressly includes the value of 1:

6

In the instant invention, the coefficients are not limited to either ones or zeros, i.e., they are not merely binary. **They can have any one of the values zero, one,** two, three, and up to, for example, 256 if eight bits are used to code them.[9]

As the PTO found, "non-zero" includes 1 (and may also include numbers larger than 1).

## III.    CONCLUSION

LGE and Pantech request this Court consider the recent attached PTO order, which is

intrinsic evidence, and adopt the PTO's claim constructions.

Respectfully submitted,

Dated:  April 10, 2008

By: _____
Alan D. Smith (AS 1850)
Peter J. Kirk (PK 6401)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Duane David Hough (DH 2438)
FISH & RICHARDSON P.C.
Citigroup Center - 52nd Floor
153 East 53rd Street
New York, NY 10022-4611
Tel: 212-765-5070
Facsimile: 212-258-2291

Attorneys for LG ELECTRONICS, INC.,
LG ELECTRONICS MOBILECOMM
U.S.A., INC., AND PANTECH
WIRELESS, INC.

---

[9] Dkt 61-8 at LGE 082354 ['075 Prosecution History) (emphasis added).]

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing LG ELECTRONICS, INC., LG ELECTRONICS MOBILECOMM U.S.A., INC. AND PANTECH WIRELESS, INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING RECENT U.S. PATENT & TRADEMARK OFFICE DECISION FOR U.S. PATENT NO. 4,901,075 was served on the parties noted below by ECF:

Alan M. Grimaldi                           Attorney for Plaintiff
Brian A. Rosenthal                         U.S. PHILIPS CORPORATION
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004


Charles B. Updike, Esq.                    Attorney for Plaintiff
Schoeman, Updike & Kauffman, LLP           U.S. PHILIPS CORPORATION
60 East 42nd Street
New York, NY  10165


on April 10, 2008.

_____
Peter J. Kirk
Attorneys for Defendant
LG ELECTRONICS, INC., LG ELECTRONICS
MOBILECOMM U.S.A., INC., AND
PANTECH WIRELESS, INC.

21899366.doc

8



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/010,104 | 02/07/2008 | 4901075 | 223612-25 | 5714 |

24737      7590      03/27/2008

PHILIPS INTELLECTUAL PROPERTY & STANDARDS
P.O. BOX 3001
BRIARCLIFF MANOR, NY  10510

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER NUMBER |
|---|---|
|  |  |

DATE MAILED: 03/27/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

United States Patent and Trademark Office

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

DLA PIPER US LLP

2000 UNIVERSITY AVENUE

E. PALO ALTO, CA  94303-2248

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/010,104*.

PATENT NO. *4901075*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/010,104 | Patent Under Reexamination 4901075 | |
|---|---|---|---|
| | Examiner MINH NGUYEN | Art Unit 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>07 February 2008</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,      b)☒ PTO/SB/08,      c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____,  or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 20080317

Application/Control Number: 90/010,104                                                     Page 2
Art Unit: 3992

## DECISION GRANTING *EX PARTE* REEXAMINATION

Reexamination has been requested for claims 3-4, 7-8 and 11 of the United States Patent Number 4,901,075 to Vogel, entitled "METHOD AND APPARATUS FOR BIT RATE REDUCTION".

A substantial new question of patentability affecting claims 3-4, 7-8 and 11 of the United States Patent Number 4,901,075 to Vogel (the '075 patent, hereafter) is raised by the request for *ex parte* reexamination.

### Service of Papers

After the filing of a request for reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550(f).

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

### *Amendment in Reexamination Proceedings*

Patent Owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c).  See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings.

### *Submissions*

In order to ensure full consideration of any amendments, affidavits or declarations or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in a close of prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116, after final rejection and by 37 CFR 41.33 after appeal, which will be strictly enforced.

### *Notification of Concurrent Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the '075 patent throughout the course of this reexamination proceeding.  The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding.  See MPEP §§ 2207, 2282 and 2286.

### *Substantial New Question*

The substantial new question of patentability (SNQP) consideration is based on the following references:

COST 211bis Simulation Subgroup Paper entitled "Block Coding Using a Two Dimensional Run-Length Table", published 9/9/1986, (COST paper, hereafter).

US Patent No. 4,698,672 to Chen et al., (Chen patent, hereafter).

US Patent No. 4,420,771 to Pirsch, (Pirsch patent, hereafter).

Wen-Hsiung Chen and William K. Pratt, "Scene Adapter Coder", IEEE Transactions on Communications, Vol. COM-32, No. 3, March 1984, pgs, 225-232, (Chen article, hereafter).

US Patent No. 4,363,036 to Subramaniam, (Subramaniam '036 patent, hereafter).

US Patent No. 4,316,222 to Subramaniam, (Subramaniam '222 patent, hereafter).

US Patent No. 4,494,151 to Liao, (Liao patent, hereafter).

US Patent No. 4,136,363 to Saran, (Saran '363 patent, hereafter).

US Patent No. 4,092,676 to Saran, (Saran '676 patent, hereafter).

US Patent No. 3,984,833 to Van Voorhis, (Van Voorhis patent, hereafter).

Henry Liao, "Upper Bound, Lower Bound and Run-Length Substitution Coding", NTC '77 Conference Record, Vol. 3, pgs 49:3-1 to 49:3-6 (1977), (Liao article, hereafter).

### *Requester's Position*

The requester indicated that the requester considered that a substantial new question of patentability as to claims 3-4 and 7-8 of the '075 patent is raised based on the COST paper.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4 and 7-8 of the '075 patent is raised based on the Chen patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4 and 8 of the '075 patent is raised based on the Pirsch patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claim 8 of the '075 patent is raised based on the Van Voorhis patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4 and 7-8 of the '075 patent is raised based on the Chen article.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4 and 8 of the '075 patent is raised based on the Chen article and the Pirsch patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Subramaniam '036 patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Subramaniam '222 patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Liao patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Saran '363 patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Saran '676 patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4 of the '075 patent is raised based on the Chen article and the Van Voorhis patent.

The requester further indicated that the requester considered that a substantial new question of patentability as to claims 3-4, 8 and 11 of the '075 patent is raised based on the Chen article and the Liao article.

## Analysis of the Prior Art Provided in the Request

It is agreed that the consideration of the COST paper raises a substantial new question of patentability to claims 3-4 and 7-8 of the '075 patent. As pointed out on pages 3-5 in the request, the COST paper discloses a method of coding a signal (title, "Block coding using a two-dimensional run-length table") comprising a sequence of coefficients which results after a blockwise transform of pixels of a video signal with subsequent quantization (page 1, section 3, the COST paper discloses in table 1 a "histogram for composite events on a zig-zag scan of ... of the split screen scene), for transmission at a reduced bit rate (page 2, section 3, last paragraph, a bit rate reduction of approximately 12 percents), said signal comprising a plurality of zero coefficients, and a plurality of non-zero coefficients (page 1, section 2, the run-length of consecutive zero coefficients and coefficients unequal to zero) said method comprising the steps of (a) deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient (page 1, section 2, appendix A, the COST paper describes: "For the 2D-run-length coding the events corresponding to a run-length of consecutive zero coefficients and coefficients unequal to zero defining the end of the run-length are considered as composite rather than separate statistical events ..." ), and (b) for each of said events, determining said respective run length and assigning a code word to represent said non-zero coefficient and said run length (as shown in appendix A, a Huffman code for the composite events are assigned to each composite event that are a run-length of consecutive zero coefficients and coefficient unequal to zero). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. However, the prosecution history of the base application, US Serial No. 07/096,177, does not indicate that the

Application/Control Number: 90/010,104                                      Page 8

Art Unit: 3992

COST paper was included for consideration by the examiner in charge of the base application.

Accordingly, the COST paper raises a substantial new question of patentability as to claims 3-4

and 7-8 of the '075 patent which question has not been decided in the previous examination of

the '075 patent.


It is agreed that the consideration of the Chen patent raises a substantial new question

of patentability to claims 3-4 and 7-8 of the '075 patent. As pointed out on pages 6-8 in the

request, the Chen patent discloses a method of coding a signal (title) comprising a sequence of

coefficients which results after a blockwise transform of pixels of a video signal with subsequent

quantization (abstract, video compression systems), for transmission at a reduced bit rate

(abstract, making the signals more suitable for transfer through a limited-bandwidth medium),

said signal comprising a plurality of zero coefficients, and a plurality of non-zero coefficients

(figure 1, col. 4:45-49, forward processor 52) said method comprising the steps of (a) deriving

from said signal, a plurality of events each comprising a run of said zero-coefficients having a

respective run length and preceded or followed by at least one non-zero coefficient (runlength

coding are generated of type R and R', wherein type R event combines a runlength of 0's

followed by the next most frequency occurring value 1, col. 5:30-38), and (b) for each of said

events, determining said respective run length and assigning a code word to represent said

non-zero coefficient and said run length (tables 6-9, Huffman codes are used). Even though the

base application, US Serial No. 07/096,177, that became the '075 patent cited the Chen patent

of record, the examiner neither relied on the Chen patent to reject the claims nor gave the

reason why the claims are patentable in view of the Chen patent, and the Chen patent discloses

important features of at least claim 1 as discussed above, there is a substantial likelihood that a

reasonable examiner would consider these teachings important in deciding whether or not the

claims are patentable. Accordingly, the Chen patent raises a substantial new question of patentability as to claims 3-4 and 7-8 of the '075 patent which question has not been decided in the previous examination of the '075 patent.

It is agreed that the consideration of the Pirsch raises a substantial new question of patentability to claims 3-4 and 8 of the '075 patent. As pointed out on pages 9-10 in the request, the Pirsch patent discloses a method of coding a signal (title) comprising a sequence of coefficients which results after a blockwise transform of pixels of a video signal with subsequent quantization, for transmission at a reduced bit rate (col. 1:45-57), said signal comprising a plurality of zero coefficients, and a plurality of non-zero coefficients (col. 2:39-45 and col. 3:2-5) said method comprising the steps of (a) deriving from said signal, a plurality of events each comprising a run of said zero-coefficients having a respective run length and preceded or followed by at least one non-zero coefficient (col. 11:25-43), and (b) for each of said events, determining said respective run length and assigning a code word to represent said non-zero coefficient and said run length (table 4, col. 1:60 to col. 2:9 and col. 7:5 to col. 8:15). There is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. However, the prosecution history of the base application, US Serial No. 07/096,177, does not indicate that the Pirsch patent was included for consideration by the examiner in charge of the base application. Accordingly, the Pirsch patent raises a substantial new question of patentability as to claims 3-4 and 8 of the '075 patent which question has not been decided in the previous examination of the '075 patent.

It is agreed that the consideration of the Van Voorhis raises a substantial new question of patentability to claim 8 of the '075 patent. As pointed out on pages 11-12 in the request, the

Van Voorhis patent discloses a method of coding a signal (title) comprising the steps of (a)

transforming said signal into a sequence comprising zero coefficients occurring in runs and non-

zero coefficients (Van Voorhis discloses that image points are transformed into a sequence of 0

or 1 to indicate that the corresponding area of the picture is light or dark, col. 1:19-23), (b)

deriving from said sequence, a plurality of events each comprised of a run of zero-coefficients

having a respective run length which is preceded or followed by at least one non-zero coefficient

(col. 7:11-15 and col. 14:64-66), and (c) for each of said events, determining said run length and

assigning a code word to represent said non-zero coefficient and said run length (Van Voorhis

discloses coding of events where the event may include a string of one or more zeros and the

first one following this string of zeros, col. 14:64-66. Examples of the codes used by the coder

are shown in Tables 1 and 2). There is a substantial likelihood that a reasonable examiner would

consider these teachings important in deciding whether or not the claims are patentable.

However, the prosecution history of the base application, US Serial No. 07/096,177, does not

indicate that the Van Voorhis patent was included for consideration by the examiner in charge of

the base application. Accordingly, the Van Voorhis patent raises a substantial new question of

patentability as to claim 8 of the '075 patent which question has not been decided in the

previous examination of the '075 patent.


It is not agreed that the consideration of the Chen article raises a substantial new

question of patentability to claims 3-4 and 7-8 of the '075 patent. The requester indicated that

the Chen article teaches the limitation "for each of said events, determining said respective run

length and assigning a code word to represent said non-zero coefficient and said run length"

because the Chen article teaches assigning a code word for the run length and a code word for

the non-zero coefficient to form a composite code word that is a sequence of bits that represent

a particular event or events in accordance with a predefined set of rules. The examiner

disagrees. They are not equivalent. The claim requires a single code word to represent the

non-zero coefficient and the run length whereas the Chen article teaches the combination of two

code words to represent the non-zero coefficient and the run length. Because this limitation is

the key of the '075 patent as explained in the background and summary sections of the '075

patent, it is not agreed that the Chen article raises a substantial new question of patentability to

claims 3-4 and 7-8 of the '075 patent.


It is agreed that the consideration of the combination of the Chen article and one of the

Pirsch patent, the Subramaniam '036 patent, the Subramaniam '222 patent, the Liao patent, the

Saran '363 patent, the Saran '676 patent, the Van Voorhis patent and the Liao article raises a

substantial new question of patentability to claims 3-4, 8 and 11 of the '075 patent. As pointed

out on pages 17-71 in the request, the Chen article discloses a method of coding a signal

comprising a sequence of coefficients which results after a blockwise transform of pixels of a

video signal with subsequent quantization, for transmission at a reduced bit rate, said signal

comprising a plurality of zero coefficients, and a plurality of non-zero coefficients (the Chen

article discloses that discrete cosine transforms (DCT) may be used to generated DCT

coefficients that are quantized which results in zero and non-zero coefficients, pages 225-227).

The Chen article further discloses that a run of zero coefficients are coded with a codeword and

the non-zero coefficients are coded with a separate codeword, and Huffman codewords are

used to code the run of zero coefficients as well as the non-zero coefficients. The Pirsch patent,

the Subramaniam '036 patent, the Subramaniam '222 patent, the Liao patent, the Saran '363

patent, the Saran '676 patent, the Van Voorhis patent and the Liao article, each discloses a

combine coding technique to code a run of zero values and a non-zero value together using a

single codeword which results in a higher level of compression. There is a substantial likelhood

that a reasonable examiner would consider these teachings important in deciding whether or not

the claims are patentable. However, the prosecution history of the base application, US Serial

No. 07/096,177, does not indicate that the combination of the Chen article and one of the

Pirsch patent, the Subramaniam '036 patent, the Subramaniam '222 patent, the Liao patent, the

Saran '363 patent, the Saran '676 patent, the Van Voorhis patent and the Liao article was

included for consideration by the examiner in charge of the base application. Accordingly, the

combination of the Chen article and one of the Pirsch patent, the Subramaniam '036 patent, the

Subramaniam '222 patent, the Liao patent, the Saran '363 patent, the Saran '676 patent, the

Van Voorhis patent and the Liao article raises a substantial new question of patentability as to

claims 3-4, 8 and 11 of the '075 patent which question has not been decided in the previous

examination of the '075 patent.

Application/Control Number: 90/010,104                                    Page 13
Art Unit: 3992

### *Scope of Reexamination*

Since requester does not request reexamination of claims 1-2, 5-6, 9-10, and 12-13 and

does not assert the existence of a substantial new question of patentability (SNQP) for such

claims, these claims will not be reexamined. MPEP 2243 states:

> The Office's determination in both the order for reexamination and the
> examination stage of the reexamination will generally be limited solely to a review
> of the claim(s) for which reexamination was requested. If the requester was
> interested in having all of the claims reexamined, requester had the opportunity
> to include them in its request for reexamination. However, if the requester chose
> not to do so, those claim(s) for which reexamination was not requested will
> generally not be reexamined by the Office.

Application/Control Number: 90/010,104                                                    Page 14
Art Unit: 3992

### *Correspondence*

All correspondence relating to this *ex partes* reexamination proceeding should be

directed as follows:

**By U.S. Postal Service Mail** to:

> Mail Stop *Ex Parte* Reexam
> ATTN:   Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450
> Alexandria, Virginia 22313-1450

By FAX to:

> 571-273-9900
> Central Reexamination Unit

By hand to:

> Customer Service Window
> Randolph Building
> 401 Dulany St.
> Alexandria, VA 22314

Application/Control Number: 90/010,104                                    Page 15
Art Unit: 3992


Any inquiry concerning this communication or earlier communications from the Examiner, or

as to the status of this proceeding, should be directed to the Central Reexamination Unit at

telephone number (571) 272-7705.


Conferee # 1        Conferee # 2

Minh  Nguyen
Primary Examiner
571-272-1748
Art Unit 3992

PTO/SB/08a (10-07)
Approved for use through 10/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no Persons are required to respond to a collection of information unless it contains a valid OMB control number

Substitute for form 1449A/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Patent Number | 4,901,075 |
| Filing Date | September 11, 1987 |
| First Named Inventor | Peter Vogel |
| Art Unit | ~~2107~~ 3992 |
| Examiner Name | ~~YOUNG, BRIAN K~~ Minh Nguyen |
| Attorney Docket Number | 223612-25 |

90 /010, 104

Sheet 1 of 2

## a.  U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| N | | US- 4,420,771 | 12/13/1983 | Pirsch | |
| | | US- 3,984,833 | 10/5/1976 | Van Voorhis | |
| | | US- 4,092,676 | 5/30/1978 | Saran | |
| | | US- 4,136,363 | 1/23/1979 | Saran | |
| | | US- 4,316,222 | 2/16/1982 | Subramaniam | |
| | | US- 4,363,036 | 12/7/1982 | Subramaniam | |
| | | US- 4,494,151 | 1/15/1985 | Liao | |
| | | US- 4,698,672 | 10/6/1987 | Chen et al. | |
| N | | US- 4,901,075 | 2/13/1990 | Vogel | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## b.  FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] *Number[4] *Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | 8/17/08 | |
|---|---|---|---|---|

EM\7227022.1

2

PTO/SB/08b (11-07)
Approved for use through 11/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Apt of 1995 no Persons are required to respond to a collection of information unless it contains a valid OMR control number.

| Substitute for form 1449B/PTO | | | 2. | Complete if Known | 90/010,104 |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | Patent Number | 4,901,075 | |
| | | | Filing Date | September 11, 1987 | |
| | | | First Named Inventor | Peter Vogel | |
| | | | Art Unit | 2107  3992 | |
| | | | Examiner Name | YOUNG~BRIAN K    Minh Nguyen | |
| *(Use as many sheets as necessary)* | | | | | |
| Sheet | 2 | of | 2 | Attorney Docket Number | 223612-25 |

| | | i.    NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| *(init)* | 1 | WEN-HSIUNG CHEN, Member, IEEE, and WILLIAM K. PRATT, Senior Member, IEEE, "Scene Adaptive Code," IEEE Transactions for Communications, Vol. COM-32, No. 3, March 1984 (pg. 225-232) | |
| *(init)* | 2 | Block coding using a two-dimensional run-length table, 09.Sept.86 (7 pgs.) | |
| *(init)* | 3 | "Upper Bound, Lower Bound and Run-Length Substitution Coding", Henry H.J. Liao, Xerox Corporation, El Segundo, Calif. 90245, NTC'77 Conference Record Volume 3, IEEE Publication Number 77CH1202-2 CSCB, Library of Congress Card Number 57-20724 (7 pgs.) | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | *(signature)* | Date Considered | 3/17/08 |
|---|---|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS
ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

EM\7227022.1

3

## NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file as of the effective date</u>.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

C:\kiva\kenreex\ RRR-new-PO-address_by_rule.doc
May 1, 2007